UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEETUS DESPANZA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-413-WBV-KWR** |
| **CAPITAL MOTOR LINES, LANCER INSURANCE COMPANY, AND JOHN DOE** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Cleetus Despanza.[1] Defendants Capital Motor Lines, Lancer Insurance Company, and John Doe have filed an Opposition.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** Plaintiff's Motion for Remand. Accordingly, this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a collision between two buses that allegedly occurred on or about April 14, 2021, in Orleans Parish, Louisiana. On or about December 8, 2021, Plaintiff Cleetus Despanza filed a Petition for Damages in Civil District Court for the Parish of Orleans, Louisiana, against Capital Motor Lines ("Capital"), Lancer Insurance Company ("Lancer"), and John Doe.[3] Plaintiff alleges that on or about April 14, 2021, while operating a New Orleans Regional Transit Authority ("RTA") bus

---

[1] R. Doc. 11.
[2] R. Doc. 12.
[3] R. Doc. 1-1.

traveling south on Elk Place, a Greyhound bus operated by defendant-driver John Doe sideswiped the RTA bus at the intersection with Tulane Avenue.[4] Plaintiff alleges that as a result of the accident, he suffered "severe and debilitating injuries."[5] Plaintiff seeks damages for pain and suffering, medical expenses, loss of enjoyment of life, lost wages, and any other damages which may be proven at trial.[6]

On February 17, 2022, Defendants filed a Notice of Removal, asserting that this Court has subject matter jurisdiction over the case based upon 28 U.S.C. § 1332, diversity jurisdiction.[7] Defendants contend that the parties are completely diverse because Plaintiff is a citizen of Louisiana, Defendant Capital Motor Lines is a citizen of Alabama, Defendant Lancer Insurance Company is a citizen of Delaware and New York, and John Doe's citizenship is unverifiable.[8] Defendants further claim that it is facially apparent from the allegations in Plaintiff's state court Petition that the amount in controversy exceeds $75,000, exclusive of costs and interest.[9] In support, Defendants point to Plaintiff's allegation that he suffered "severe and debilitating" injuries.[10] Defendants also rely on the fact that Plaintiff seeks to recover several categories of damages, including future damages.[11] Lastly, Defendants note that Plaintiff did not include a general allegation in their state court Petition that the amount in controversy is less than the requisite amount for § 1332(a) removal.[12]

---

[4] *Id*. at p. 2.
[5] *Id*.
[6] *Id*. at. pp. 3-4.
[7] R. Doc. 1.
[8] *Id*. at. pp. 2-3.
[9] *Id*. at. p. 4.
[10] *Id*.
[11] *Id*.
[12] *Id*. at p. 5.

Defendants argue that this alleged non-compliance with Louisiana Code of Civil Procedure art. 893 creates a strong presumption in favor of diversity jurisdiction.[13]

After reviewing the Notice of Removal, the Court issued a Show Cause Order *sua sponte* on March 21, 2022, stating that Defendants had failed to establish that the amount in controversy exceeded $75,000 at the time of removal.[14] The Court noted that although Plaintiff's state court petition alleged "severe and debilitating injuries," Defendants failed to describe or name the injury suffered by Plaintiff.[15] Further, the Court pointed out that while Plaintiff seeks several items of damages, there was no indication of the amount in controversy related to his alleged damages.[16] The Court gave Defendants ten (10) days to file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a).[17] The Court also advised Defendants that, "Once the Court has reviewed the supplemental memorandum, the Court will either allow the case to proceed if diversity jurisdiction exists or take further action if jurisdiction is lacking."[18]

On March 31, 2022, pursuant to the Court's March 21, 2022 Order, Defendants filed a "Jurisdiction Memorandum."[19] In the supplemental memorandum, Defendants assert that Plaintiff's counsel has yet to provide them with Plaintiff's relevant medical records.[20] However, Defendants submit that pre-removal, Plaintiff's

---

[13] *Id.*
[14] R. Doc. 8.
[15] *Id.* at p. 2.
[16] *Id.*
[17] *Id.*
[18] *Id.* at p. 3.
[19] R. Doc. 9.
[20] *Id.* at p. 2.

counsel shared with them that Plaintiff had undergone conservative treatment including chiropractic care and medical rehab, and MRI's to assess future treatment.[21] According to Defendants' estimations, these disclosed treatments, "[suggest] that past medical expenses were at least $10,000 at the pre-litigation stage of proceedings and at the time of removal."[22] Defendants further reassert that Plaintiff's use of the phrase "severe and debilitating" in his state court Petition creates a reasonable expectation of a recovery in excess of $75,000, and cites several cases in which courts have determined that a recovery in excess of $75,000 could be reasonably expected in view of the description of the alleged injury at the time of removal and the nature of damages sought.[23] Finally, Defendants assert that courts have awarded varying amounts for general damages for pain and suffering and loss of enjoyment of life in cases involving negligence claims arising from similar vehicular accidents, including amounts above $75,000.[24]

On April 11, 2022, Plaintiff filed a Motion For Remand, alleging that "the amount in controversy threshold is not met, as the damages do not exceed $75,000."[25] Plaintiff asserts that it is not facially apparent from the state court Petition for Damages that Plaintiff is seeking more than $75,000 in monetary damages.[26] Further, Plaintiff alleges that Defendants have not presented any "summary judgement-type evidence" concerning the value of Plaintiff's damages.[27] Plaintiff

---

[21] *Id.*
[22] *Id.*
[23] *Id.* at 3.
[24] *Id.*
[25] R. Doc. 11.
[26] *Id.* at p. 3.
[27] *Id.* at p. 4.

offers that he did not go to a hospital or emergency room following the accident, that he has been treating his injuries conservatively since the accident, and that his current medical rehabilitation bill is $6,115.00.[28] Additionally, while noting that Plaintiff "does not contest complete diversity at the time of removal," Plaintiff raises that the identity of John Doe, the unnamed bus driver, has not been determined and his citizenship could destroy diversity.[29] Lastly, Plaintiff challenges the timeliness of removal, arguing that the Notice of Removal was filed more than 30 days from "Defendants' informal receipt of the initial pleading."[30]

On April 25, 2022, Defendants filed an Opposition to Plaintiff's Motion to Remand.[31] Defendants argue that the named parties are completely diverse, and that Defendant John Doe's citizenship is immaterial to diversity among the parties.[32] Defendants cite 28 U.S.C. § 1441(b)(1) stating "in determining whether a civil action is removable on the basis of the jurisdiction under § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[33] Further, Defendants cite rulings from three other Sections of this Court that disregarded the citizenship of fictitious or unidentified defendants for the purposes of determining diversity jurisdiction.[34] Defendants additionally argue that removal is timely, as the courtesy copy provided by Plaintiff's counsel did not constitute

---

[28] *Id.* at p. 2.
[29] *Id.*
[30] *Id.* at p. 3.
[31] R. Doc. 12.
[32] *Id.* at p. 2.
[33] *Id.*
[34] *Id.*

sufficient service, and there was no waiver of service.[35] Lastly, Defendants argue that the injuries as alleged in the state court Petition "reasonably reflect" an amount in controversy exceeding $75,000.[36] Defendants contend that Plaintiff is now understating his injuries, as he initially characterized them as "severe" and "debilitating" in his state court Petition.[37] Further, Defendants cite multiple cases in which plaintiffs in vehicular accidents were awarded over $100,000 in general damages, including pain and suffering as well as loss of enjoyment of life.[38] In sum, Defendants argue that Plaintiff's injuries as alleged at the time of the removal could yield damages of $75,000 or above.[39]

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[40] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[41] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[42] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of

---

[35] *Id.* a p. 4.
[36] *Id.*
[37] *Id.* at p. 5.
[38] *Id.*
[39] *Id.* at p. 6.
[40] 28 U.S.C. § 1441(a).
[41] 28 U.S.C. § 1332(a)-(a)(1).
[42] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

remand.[43] The removing party has the burden of proving federal diversity jurisdiction.[44] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[45]

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[46] As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[47] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite amount.[48] If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[49]

---

[43] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[44] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[45] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[46] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (*citing* La. Code Civ. P. arts. 893 & 862).
[47] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[48] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).
[49] *Lottinger*, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).

Remand is proper if at any time the court lacks subject matter jurisdiction.[50] Additionally, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."[51] "Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction."[52]

## III. ANALYSIS

### A. Diversity of Citizenship.

While Plaintiff says he is not contesting diversity jurisdiction, he also raises a question regarding the unknown citizenship of the Defendant-driver, John Doe.[53] Defendants contend that the parties are sufficiently diverse and that both 28 U.S.C. § 1441(b)(1) and multiple sections of this Court have determined that fictitiously named defendants do not count towards complete diversity.[54]

28 U.S.C. § 1441(b)(1) states that "in determining whether a civil action is removable on the basis of the jurisdiction under § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[55] In keeping with this rule, multiple Sections of this Court have disregarded unnamed or fictitious entities when determining whether there is diversity of citizenship between parties.[56]

---

[50] *See* 28 U.S.C. § 1447(c).
[51] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).
[52] *Harrison v. Crowley Maritime Corporation*, 181 F. Supp. 3d 441, 443 (S.D. Tex. 2016) (citing *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995)).
[53] *Id.*
[54] R. Doc. 12 at pp. 2-3.
[55] 28 U.S.C. § 1441(b)(1).
[56] *See Blanchard v. Tillman*, No. 20-2400, 2020 WL 6581010, at *2 (E.D. La. Nov. 10, 2020) (Lemelle, J.); *see also Burns v. Home Depot U.S.A., Inc.*, No. 20-1062, 2020 WL 4504398, at *1 (E.D. La. Aug. 5,

Accordingly, the Court does not consider the unknown citizenship of Defendant John Doe when determining diversity. Here, Plaintiff is a citizen of Louisiana, Capital is a citizen of Alabama, and Lancer is a citizen of Delaware and New York.[57] Thus there is diversity of citizenship.

### B. Timeliness of Removal.

Plaintiff also addresses the timeliness of removal and argues that Defendants' Notice of Removal was filed more than thirty (30) days after counsel for Defendants' informal receipt of the initial pleading.[58] Defendants counter that its Notice of Removal was timely because receipt of a courtesy copy of the state court Petition does not trigger the thirty (30) day removal period under 28 U.S.C. § 1446(b).[59] Defendants contend that they received formal service on January 19, 2022 and timely filed their Notice of Removal on February 17, 2022.[60]

Pursuant to 28 U.S.C. 1446(b), a defendant's right to removal runs from the date on which it is formally served with process.[61] The Fifth Circuit has held that a party's receipt of a courtesy copy of the complaint from the plaintiff is insufficient to trigger the thirty-day window.[62] Here, counsel for Plaintiff emailed a courtesy copy of

---

2020) (Guidry, J.); *Hill v. Geovera Specialty Ins. Co.,* No. 20-1896, 2020 WL 5411731, at *1 (E.D. La. Sept. 9, 2020)(Lemmon, J.) ("Geovera contends that in filing suit against ServPro, plaintiff sued a fictitious entity, and pursuant to 28 U.S.C. 1441. . .the court may not consider ServPros's non-diverse citizenship.").
[57] R. Doc. 11 at. pp. 2-3.
[58] *Id.* at p. 3.
[59] R. Doc. 12 at p.3.
[60] *Id.*
[61] *Thompson v. Deutsche Bank Nat. Trust Co.,* 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999)).
[62] *Thompson,* 775 F.3d at 303 (finding that defendant was not required to remove the action until formal service, regardless of receiving a courtesy copy of the initial petition from plaintiff); *see also Sherrod on Behalf of A.S. v. Wallace, Rush, Schmidt, Inc.,* No. 18-746-SDD-EWD, 2019 WL 1271045,

the state court Petition to counsel for Defendant Lancer on December 8, 2021 and concedes in its Notice of Remand that this e-mail constituted only "informal receipt" of service.[63] Counsel for Lancer did not waive service at any time.[64] Defendant was not formally served until January 19, 2022.[65] In order for removal to be timely under 28 U.S.C. §1446(b), a defendant must file within 30 days of formal service.[66] Accordingly, Defendants' Notice of Removal, filed on February 17, 2022, was timely.[67]

### C. Amount in Controversy

Plaintiff also argues that Defendants have failed to sufficiently prove that the amount in controversy exceeds $75,000 in this case.[68] Plaintiff asserts that it is not facially apparent from the state court Petition that Plaintiff is seeking more than $75,000 in monetary damages.[69] Further, Plaintiff alleges that Defendants have not presented any "summary judgement-type evidence" concerning the value of Plaintiff's damages.[70] Defendants contend that it is facially apparent from the state court Petition that Plaintiff's damages exceed $75,000 because he has alleged "severe and debilitating" injuries and several categories of damages.[71] Defendants also equate the

---

at *7 (M.D. La. Feb. 25, 2019) (finding that the removal period did not begin when a party received courtesy copies of the petition).
[63] R. Doc. 12-1; *see also* R. Doc. 11 at p. 3.
[64] R. Doc. 12.
[65] R. Doc. 12-3.
[66] *Thompson v. Deutsche Bank Nat. Trust Co.,* 775 F.3d 298, 303 (5th Cir. 2014)
[67] Regarding Plaintiff's arguments regarding diversity of citizenship and timeliness of removal, the Court reminds counsel of its obligation of Candor to the Court to cite Fifth Circuit authority that is directly adverse to its position.
[68] R. Doc. 11 at p. 3.
[69] *Id.*
[70] *Id.* at p. 4.
[71] R. Doc. 12 at p. 5.

present case to others in which courts have determined that it is "facially apparent" that plaintiffs suffered damages over $75,000.[72]

A defendant may indicate that the amount in controversy requirement of diversity jurisdiction is satisfied in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite amount.[73]

Accordingly, the Court first looks to whether it is "facially apparent" from the state court petition that Plaintiff's claims are over $75,000.[74] Plaintiff's state court Petition states that he sustained "severe and debilitating" injuries and prayed for damages including pain and suffering, reimbursement for/ payment of medical bills, loss of enjoyment of life, any lost wages, and any other damage which would be proven at trial.[75] The Petition offers no other specifics regarding Plaintiff's alleged damages.[76]

Courts have held that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, "does not provide sufficient information for the removing defendant to meet his burden of proving that

---

[72] *Id.*
[73] *Luckett*, 171 F.3d at 298 (quoting *Allen*, 63 F.3d at 1335).
[74] *Id.*
[75] R. Doc. 1-1.
[76] *Id.*; *see also Hall v. State Farm Fire & Cas. Co.*, No. 17-2048, 2017 WL 2953729, at *2 (E.D. La. July 11, 2017) ("The amount in controversy is not facially apparent from the state court petition, as Plaintiffs [in Louisiana] are not permitted to claim specific amounts of damages.").

the amount in controversy is satisfied under the 'facially apparent' test."[77] In *Lewis v. Mountain Laurel Assurance Company*, the court held that "where a defendant produces no evidence about a plaintiff's injuries and merely relies on plaintiff's generic allegations of damages, the defendant fails to carry its burden of proof to justify removal."[78] Defendants cite *Gipson v. Goodyear Tire & Rubber Co.*,[79] *Belvin v. Home Depot USA, Inc.*,[80] and *Lowery v. J.C. Penney Corp., Inc.*,[81] as similar cases in which courts determined that a recovery in excess of $75,000 could be reasonably expected based on each plaintiff's petition. However, in each of the cases relied on by Defendants, the pleadings either identified the injury suffered by the plaintiff or provided further detail regarding the injury and damages suffered by the plaintiff, facts that are missing from the state court petition in this matter.[82] Defendants

---

[77] *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158, at *3-4 (E.D. La. Dec. 19, 2014) (quotation omitted) (citing authority).

[78] Civ. A. No. 19-12634, 2020 WL 859507, at *2 (E.D. La. Feb. 21, 2020) (citing *Sims v. Family Dollar Stores of Louisiana, Inc.*, Civ. A. No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019)) ("Defendant has produced no evidence about Plaintiff's injuries in this case. Defendant's focus on Plaintiff's vague allegation of 'permanent disability' and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal.").

[79] No. 1:13-CV-36, 2013 WL 11331167, at *4 (E.D. Tex. Apr. 30, 2013) (finding recovery in excess of $75,000.00 could reasonably be expected when plaintiff lost the tip of his finger in a workplace accident and alleged medical damages for the "permanent nature and severity of the injuries.")

[80] No. 07-1035, 2007 WL 2491428, at *2 (E.D. La. Aug. 30, 2007) (in which Plaintiff alleged in her complaint that she suffered personal and disabling injuries to her knee, back, spine and body as a whole which required surgical intervention and extensive physical therapy).

[81] No. 06-1710, 2006 WL 3827527, at *2 (W.D. La. Dec. 28, 2006) (in which plaintiff alleged that she slipped and fell on liquid at a J.C. Penney store and suffered nine different types of damages. The Court compared this case and injury to similar slip and fall cases and determined that it was facially apparent that plaintiff had suffered $75,000 worth of damages).

[82] In *Gibson,* the petition alleged the plaintiff was injured by machinery and incurred medical expenses "for the remainder of his life due to the permanent nature and severity of the injuries," "physical pain and suffering which he will endure for the remainder of his life," and "mental anguish of an almost incalculable nature including the obvious mental anguish which necessarily accompanied these serious injuries." The pleadings in *Belvin* alleged that the plaintiff "suffered personal and disabling injuries to her knee, back, spine and body as a whole which required surgical intervention and extensive physical therapy." Likewise, in *Lowery*, it was alleged that the plaintiff "suffered serious injuries to her back, neck, head, shoulders, arms, and other areas of her body" for which she sought significant damages.

attempt to compare the present case to *Lofton v. Whimper*, in which a passenger in a bus collision recovered $175,000.[83] However, the plaintiff in *Lofton* suffered neck, lower back, and leg pain, distinguishing that case from the matter before the Court.[84] Defendants rely on Plaintiff's state court Petition, which merely states that he suffered "severe and debilitating" injuries and lists general categories of damages. Courts have determined that general categories of damages are insufficient to establish that Plaintiff suffered damages over $75,000.[85] Accordingly, Defendants have failed to prove that it is "facially apparent" that Plaintiff's claims are likely above $75,000.[86]

The Court next evaluates whether Defendants have set forth additional facts or provided new evidence that supports a finding that the amount in controversy is above $75,000 in this case.[87] In their Jurisdiction Memorandum filed in response to this Court's Show Cause Order, Defendants state that "[p]er pre-removal conversations between Lancer and counsel for plaintiff, plaintiff had undergone conservative treatment, through chiropractic care and medical rehab, and MRI's to assess future treatment, which suggested that past medical expenses were at least $10,000 at the pre-litigation stage of proceedings and at the time of removal."[88]

In his Motion to Remand, filed following Defendants' Jurisdiction Memorandum, Plaintiff argues that Defendants have failed to present any "summary

---

[83] 425 So.2d 1307, 1310 (La. App. 4 Cir. 1983).
[84] *Id.*
[85] *Dunomes.*, 2014 WL 7240158, at *3-4.
[86] *Id.*
[87] *Luckett*, 171 F.3d at 298 (quoting *Allen*, 63 F.3d at 1335).
[88] R. Doc. 9 at p. 2; *see also* R. Doc. 9-1.

judgment type evidence" concerning the value of his claim.[89] Plaintiff states that he has an outstanding balance of $6,115 for medical treatment sought as a result of the motor vehicle accident and that he has an outstanding imaging referral, of which there is no bill yet.[90]

A defendant that fails to provide evidence of a plaintiff's injuries and merely relies on general allegations of damages does not carry their burden of proof to justify removal.[91] Here, Defendants have not provided any additional evidence of Plaintiff's injuries beyond a statement that Plaintiff had undergone medical testing for amounts estimated to be over $10,000.[92] Defendants have not provided any medical bills, treatment plans, or even identified Plaintiff's injury. Thus, Defendants have failed to provide sufficient "summary judgment evidence" indicating that Plaintiff has suffered over $75,000 of damages.[93]

Additionally, while not addressed by Defendants' in their Opposition to the instant Motion, Defendants raise in their Notice of Removal that Plaintiff did not allege or stipulate that the monetary value of the case was less than $75,000 in his state court Petition, in noncompliance with Louisiana Code of Civil Procedure art. 893.[94] Defendants argue that this alleged failure "creates a strong presumption in favor of [diversity] jurisdiction."[95] While the Court notes Plaintiff's failure to include an Article 893 stipulation, for the reasons stated above, it finds that this omission is

---

[89] R. Doc. 11 at p. 4.
[90] *Id.*
[91] *Dunomes.*, 2014 WL 7240158, at *3-4.
[92] R. Doc. 9 at p. 2; *see also* R. Doc. 9-1.
[93] *Lottinger*, 2014 WL 4403440 at *2 (quoting *White*, 319 F.3d at 675).
[94] R. Doc. 1.
[95] *Id.* at p. 5 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995))

not dispositive on the matter. "The burden on Defendants 'to produce information' that the amount in controversy exceeds $75,000 is an 'affirmative' one."[96] Moreover, the Fifth Circuit has made clear that a plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [removing defendant] of its burden to support federal jurisdiction at the time of removal."[97]

Based on the foregoing, the Court finds that Defendants have failed to show that it is facially apparent from Plaintiff's state court Petition that his damages exceed $75,000 or to submit sufficient evidence to show that Plaintiff's damages exceed $75,000 in this case. Because the removal statute is strictly construed and any doubt as to the propriety of removal must be resolved in favor of remand, the Court finds that Defendants have failed to carry its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 in this case, exclusive of interest and costs, at the time of removal. Thus, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and remand is required.

---

[96] *Hill v. Alford*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (E.D. La. Feb. 9, 2018) (citing *Simon v. Wal-Mart*, 193 F.3d 848, 851 (5th Cir. 1999) (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000."))
[97] *Hill*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (quoting *Simon*, 193 F.3d at 851).

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand[98] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for further proceedings.

New Orleans, Louisiana, July 1, 2022.

*(signature: Wendy B Vitter)*
**WENDY B. VITTER**
**United States District Judge**

---

[98] R. Doc. 11.